# IN THE MATTER OF WING YICK COMPANY.

## February 10, 1905.

*Bankruptcy Act.—Practice.—Subpoena:* Section 18 a. of the Bankruptcy Act, in providing that service of a petition for involuntary bankruptcy "with a writ of subpœna shall be made upon the person therein named as defendant in the same manner that service of such process is now had upon the commencement of a suit in equity in the courts of the United States," does not require that the writ of subpœna shall contain the special memorandum mentioned in Equity Rule 12.

In Bankruptcy: Involuntary Proceedings. Motion to Quash and Set Aside Service of Subpœna.

Thompson & Clemons, Attorneys for Petitioners.

H. G. Middleditch, Attorney for Respondents.

DOLE, J. The subpœna on the respondent is according to Forms in Bankruptcy No. 5. The respondent filed his motion to quash the service of the subpœna on the ground that such subpœna does not comply with the requirements provided by Section 18 of the Bankruptcy Act of 1898, by placing at the bottom of such subpœna the following words: "That the de-"fendants are to enter their appearance in this suit in the "clerk's office on or before the day at which the writ is return-"able, otherwise the bill may be taken *pro confesso.*"

Section 18 of the Bankruptcy Act provides that service of the petition "with a writ of subpœna, shall be made upon the "person therein named as defendant in the same manner that "service of such process is now had upon the commencement of "a suit in equity in the courts of the United States." Rule 12 of the Rules of Practice for the Courts of Equity of the United States provides that "at the bottom of the subpœna shall be "placed a memorandum that the defendant is to enter his ap-"pearance in the suit in the clerk's office on or before the day "at which the writ is returnable; otherwise the bill may be "taken *pro confesso.*" Counsel for the respondents contends that the provision quoted of Section 18 of the Bankruptcy Act requires such memorandum to be in every subpœna issued upon the filing of an involuntary petition in Bankruptcy. I am unable to find any case upon this question. Collier on Bankruptcy says on page 211 (4th Edition), "On the filing of an "involuntary petition, the clerk must at once issue a subpœna, "at the bottom of which must be the memorandum required by "Equity Rule XII, and it and the duplicate petition must then "be served 'in the same manner that service * * * is " 'now had upon the commencement of a suit in equity in the " 'courts of the United States.' "

There is, in my mind, a question whether the statute, in requiring that service of the petition "with a writ of subpœna,

"shall be made upon the person therein named as defendant in "the same manner that service of such process is now had upon "the commencement of a suit in equity in the courts of the "United States," refers to the form of the subpœna at all, and whether it does not refer solely to the manner of the service of such process as is provided by Rule 13 of the Equity Rules, which, as amended by the Act of 1903, requires such service to be on the person within the district or, in case of his absence, by publication. This doubt is strengthened by Form No. 5, of the Forms in Bankruptcy adopted and established by the Supreme Court of the United States in 1898, which is the form of the subpœna under consideration and which omits the memorandum referred to in Equity Rule 12. This omission is necessary under the Bankruptcy Act, which provides, in Section 18 b. that the defendant may appear and plead to the petition within five days after the return day, in view of which a requirement that the petition should be taken *pro confesso* unless he should enter his appearance on or before the return day, would be absurd.

It would appear, also, that the Supreme Court, in adopting this form, considered that the provision of Section 18, quoted above, referred rather to the manner of the service of the subpœna than to its form.

I am therefore led to disagree with Mr. Collier, and to conclude that Section 18 refers only to the manner of the service of the subpœna and not to its form.

The motion to quash is therefore overruled.